**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4460**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KENNETH RAY HUNTER,

                    Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Robert E. Maxwell, Senior District Judge.  (2:05-cr-00049-REM-1)

Submitted:  January 26, 2009          Decided:  March 30, 2009

Before MOTZ, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew A. Victor, VICTOR, VICTOR & HELGOE, LLP, Charleston, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Stephen D. Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Ray Hunter pled guilty pursuant to a written plea agreement to one count of aiding and abetting the distribution of more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006), and was sentenced to 210 months in prison. Hunter timely appealed, arguing his sentence is unreasonable. Finding no error, we affirm.

We review a criminal sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 594-97 (2007). When sentencing a defendant, a district court must properly calculate the guidelines range, determine whether a sentence within that range serves the factors set out in 18 U.S.C. § 3553(a) (2006), and explain its reasons for selecting a sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir 2007). On appellate review, we may presume a sentence within the properly calculated guidelines range is reasonable. Id.; see Rita v. United States, 551 U.S. 338, __, 127 S. Ct. 2456, 2462-69 (2007) (upholding appellate presumption of reasonableness for a within-guidelines sentence).

Hunter challenges the substantive reasonableness of his sentence, asserting that, under the totality of the circumstances, his sentence was inordinately lengthy. In

2

support of this argument, he argues that the district court gave too little weight to § 3553(a) considerations such as his rehabilitation, support from his family and community, and his health, and placed undue weight on deterrence and the need to protect the public. However, a review of the sentencing transcript and the presentence report ("PSR") reveals no error in sentencing.

While a district court must explain its sentence, it need not robotically tick through § 3553(a)'s every subsection. United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006). Here, the court explained that Hunter had a "lengthy and troubling criminal history" that covered twenty pages in the PSR and spanned twenty years. The court also found that the instant offense of collecting a drug debt had potential for serious violence. Moreover, the court explained that previous periods of incarceration had not deterred Hunter from criminal conduct. The court found that based upon the seriousness of the crime and the need to protect the public and deter further criminal conduct, a variance from the guidelines range was not warranted.

The district court properly calculated the guidelines range, considered the appropriate § 3553(a) factors, and provided ample reasoning for its sentence. Hunter does not rebut the presumption that his properly calculated, within-guidelines sentence is reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED